**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CLARENCE DELANEY, JR.,

                                  Plaintiff,

        - v -                                       Civ. No. 1:11-CV-684
                                                            (GLS/RFT)

MONTGOMERY TRANSITIONAL SERVICES, INC.;
KIMMBERLI FLORY; JANE DOE; NEW YORK STATE
OFFICE OF MENTAL HEALTH; JANINE DYKEMAN,
*Executive Director of Montgomery Transitional Services, Inc.*;
LORI LAVENIA, *Apartment Counselor*; SUE HERBA,
*Entitlement Specialist*,

                                  Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

CLARENCE DELANEY, JR.
Plaintiff, *Pro Se*
P.O. Box 6071
Albany, NY 12206

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review an Amended Complaint filed as a right by *pro se* Plaintiff Clarence Delaney, Jr. Dkt. No. 11, Am. Compl. Delaney has also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2.

### I. DISCUSSION

### A. Motion for Leave to Proceed *In Forma Pauperis*

      Turning first to Delaney's Motion to proceed IFP, this Court has reviewed the application and finds that Plaintiff may properly proceed with this matter IFP.

**B. Allegations in Plaintiff's Amended Complaint**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is the responsibility of the court to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

By his Amended Complaint, Plaintiff chiefly claims that Defendant Kimmberli Flory, an employee or director of the "apartment program" of Montgomery Transitional Services, defamed him when she made "false statements, verbal and written, . . . to [Plaintiff's] Parole Officer Trisha Rice." *See* Am. Compl. He also alleges, to a lesser extent, "negligen[t] misrepresentation," negligent training and supervision, a "breach of trust [and] duty," racial discrimination, and that the Defendants lost or stole his property. *Id.*

Plaintiff's action cannot be pursued under § 1983. Delaney fails to identify any specific or cognizable constitutional or federal right that was allegedly violated. Instead, his allegations of

defamation, negligence, and lost property are claims that are only actionable under state law.

While Plaintiff accuses the Defendants of discriminating against him on the basis of his race, which arguably may be an attempt to assert an equal protection claim, we note that in order to state an equal protection claim, the claimant must show that a *government actor* intentionally discriminated against him or her on the basis of race, national origin, or gender. *See Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). Delaney's complaints that employees and consumers of Montgomery Transitional Services, Inc., discriminated against him by mocking him, verbally abusing him, and failing to act or remedy situations when other patients harassed Plaintiff, purportedly because of his African-American heritage, could support such an action, however, he fails to allege that any of the Defendants are state actors. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g.*, *Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994). State action is an essential element of any § 1983 claim, *see Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994)), and Plaintiff does not claim that any Defendant, save the New York State Office of Mental Health, acted under color of state law.[1] Plaintiff makes no claim, and this Court finds none, that Montgomery Transitional Services, Inc., or any of the other Defendants operated in a symbiotic relationship or sufficiently close nexus with the State, such that their private action should be deemed state action. *See Atkinson v. B.C.C. Associates, Inc.*, 829 F. Supp. 637, 644 (S.D.N.Y. 1993) (noting that state action can be found when

---

[1] Plaintiff suggests that the New York State Office of Mental Health failed to properly supervise the "business practice of Defendant, Montgomery Transitional Services, Inc[.] and how clients are being treated," and investigate Plaintiff's complaints about the other Defendants. *See* Am. Compl. at pp. 6 & 10.

a "state has so far insinuated itself into a position of interdependence [with the private actor] that it must be recognized as a joint participant in the challenged activity") (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961)); *Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir. 1993) (describing how actions by a private party are deemed state action if there is a sufficiently close nexus between the challenged action and the state such that the private parties may be treated as that of the state itself).

Furthermore, Plaintiff, who only seeks monetary relief, is barred from filing such suit against the New York State Office of Mental Health, because "[a]gencies of the state . . . are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." *Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted); *see also Limwongse v. New York State Office of Mental Health*, 249 F. App'x 862, 862-63 (2d Cir. 2007) (holding that the Eleventh Amendment applies to suit against the New York State Office of Mental Health for money damages). Therefore, 42 U.S.C. § 1983 is not the proper vehicle for Plaintiff to seek judicial review of his claims.

This does not end our review, however. The Second Circuit has repeatedly enunciated a district court's obligation to read *pro se* complaints liberally. *See Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). Therefore, we review Delaney's

Amended Complaint in order to find another basis for this Court's exercise of its subject matter jurisdiction.  Because he essentially complains of state law defamation and/or negligence, we consider whether he has adequately shown that the Court may exercise its diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[2]

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a state or of different States

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).

In the first few pages of his Amended Complaint, Plaintiff declares himself a resident of New York, and provides New York addresses for each of the named Defendants.  Thus, all of the parties involved in this litigation are citizens of New York State, defeating any chance of invoking this Court's diversity jurisdiction.  When subject matter jurisdiction is lacking in an action, dismissal is

---

[2] It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*).

mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Therefore, because Delaney has failed to establish a basis for the Court's subject matter jurisdiction, dismissal of Delaney's state law claims is mandated. *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (noting that the party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." (citations omitted)).

However, this Court recognizes the Second Circuit's preference to provide *pro se* plaintiffs with leave to amend their pleadings prior to dismissal. In light of Delaney's *pro se* status, we recommend that Plaintiff be afforded an opportunity to amend his pleading in order to show state action as it relates to his equal protection claim, as outlined above. Alternatively, and reading Plaintiff's pleading liberally and with "special solicitude" to raise the "strongest [claims] that they *suggest*," as we must, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original), Plaintiff might be attempting to bring an action for race and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; if so, Plaintiff is directed to clearly state the nature of such cause of action in his amended pleading.[3] Failure to submit an amended pleading, which shall supersede and replace in its entirety the previous Amended Complaint filed by Plaintiff, will result in dismissal of this action without further Order of the Court..

---

[3] This Court offers the note that the Second Circuit has held that if a plaintiff alleges both an equal protection and Title VII violation arising from state action, "[t]he elements of one are generally the same as the elements of the other and the two must stand or fall together." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

## II. CONCLUSION

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Amended Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **granted**;[4] and it is further

**RECOMMENDED**, that the Amended Complaint (Dkt. No. 11) be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim upon which relief may be granted and for failure to establish subject matter jurisdiction; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[4] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

Date:   November 17, 2011
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge