**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CLARENCE DELANEY, JR.,

                      Plaintiff,

    - v -                                      Civ. No. 1:11-CV-684
                                                            (GLS/RFT)

MONTGOMERY TRANSITIONAL SERVICES, INC.;
KIMMBERLI FLORY; JANE DOE; NEW YORK STATE
OFFICE OF MENTAL HEALTH; JANINE DYKEMAN,
*Executive Director of Montgomery Transitional Services, Inc.*;
LORI LAVENIA, *Apartment Counselor*; SUE HERBA,
*Entitlement Specialist*,

                      Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

CLARENCE DELANEY, JR.
Plaintiff, *Pro Se*
P.O. Box 300
Marcy, NY 13403-0300

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review Plaintiff Clarence Delaney, Jr.'s Second Amended Complaint (Dkt. No. 22), filed pursuant to a Decision and Order, dated January 10, 2012, of the Honorable Gary L. Sharpe, Chief United States District Judge, adopting this Court's Report-Recommendation and Order (Dkt. No. 15).

**I. DISCUSSION**

      Plaintiff has been granted permission to proceed *in forma pauperis*. *See* Dkt. No. 13, Rep.-Rec. and Order, dated Nov. 17, 2011, at p. 1. Section 1915(e) of Title 28 of the United States Code

directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is the responsibility of the court to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In his Complaint and his subsequent first Amended Complaint, Plaintiff attempted to bring his action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). Plaintiff's allegations, read liberally, consisted of state law claims of defamation, negligence, racial harassment and/or discrimination, and lost or stolen property. Because he failed to identify a cognizable constitutional or federal right that was allegedly violated and failed to allege that any Defendant acted under color of state law, Plaintiff's Amended Complaint was dismissed with leave to amend. *See* Dkt. No. 15, Order (adopting Dkt. No. 13, Rep.-Rec.).[1]

By his Second Amendment Complaint, Plaintiff now brings his action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Dkt. No. 22, Second Am. Compl., at ¶ 8. He also has not included Lori Lavenia in his Second Amendment Complaint, either in the caption

---

[1] Further, Plaintiff could not establish diversity of citizenship jurisdiction, as all parties involved in Plaintiff's action are citizens of New York State. *See* Dkt. No. 13, Rep.-Rec., at pp. 5-6.

nor the facts and claims. Otherwise, Plaintiff's factual allegations remain virtually identical in substance to the claims in his Amended Complaint. *Compare* Dkt. No. 11 *with* Dkt. No. 22.

Title VII of the Civil Rights Act of 1964 "prohibits *employment* discrimination 'because of . . . race, color, religion, sex, or national origin' and states that such discrimination is established when one of those factors 'was a motivating factor for any *employment* practice, even though other factors also motivated the practice.'" *Staub v. Proctor Hosp.*, ___ U.S. ___, 131 S.Ct. 1186, 1191 (2011) (citing 42 U.S.C. §§ 2000e-2(a), (m)) (emphasis added); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503-06 (2006) (discussing Title VII's definitions of "employer," "employee," and the "employee-numerosity requirement").

Here, Plaintiff claims that he was housed and provided with treatment by Defendant Montgomery Transitional Services, Inc., "a halfway house for coed individual men and women adults who suffered from mental illness and substance [abuse]." Second Am. Compl. at "Facts" on p. 3. As in his previous pleadings, he alleges that while he was staying at such a residence, he was subjected to abuse and unequal treatment from the Defendants, employees of Montgomery Transitional Services, Inc., because of his African-American heritage. However, Plaintiff does not claim, and we can imagine nothing indicating, an employer-employee relationship between himself and the Defendants. Because Title VII of the Civil Rights Act lays for actions concerning employers and their employees, Plaintiff's claims cannot be pursued under this Act.[2]  Further, for the same reasons as stated above, which are narrated with greater detail in our previous Report-Recommendation and Order, Plaintiff's action, read liberally, fails to state a facially valid claim

---

[2] Additionally, it is well-settled in this Circuit that individuals are not liable under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*).

under § 1983 and offers no other basis for this Court's jurisdiction.

Therefore, because Delaney has failed to establish a basis for the Court's subject matter jurisdiction, dismissal of Delaney's claims is mandated. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, we recommend that Plaintiff's action be **dismissed**. This Court recognizes the Second Circuit's preference to provide *pro se* plaintiffs with leave to amend their pleadings prior to dismissal; because Delaney has already been afforded two opportunities to amend his Complaint, and in light of the discussion herein, providing Plaintiff another opportunity to amend would be futile.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Second Amended Complaint (Dkt. No. 22) be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim upon which relief may be granted and for failure to establish subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   March 2, 2012
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge